UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

DERRICK W. WHITE, an individual,

                Plaintiff,

v.

OXARC, INC., a Washington
Corporation,

                Defendant.

Case No. 1:19-cv-00485-CWD

**MEMORANDUM DECISION AND
ORDER**

## INTRODUCTION

Before the Court are Defendant's Motions in Limine. (Dkt. 43, 47.)[1] Plaintiff filed

responsive briefing and the motions are at issue. (Dkt. 45, 48.)  On September 7, 2021, a

pretrial conference and motion hearing were conducted, during which the parties

presented argument on the motions in limine. This written order formalizes the Court's

ruling on the various topics raised in the motions and as stated on the record during the

hearing.

---

[1] Motions in limine were to be filed by August 20, 2021. Defendant filed its Motion in Limine
#13 on September 1, 2021, in response to Plaintiff's supplementation of his initial disclosures.

**MEMORANDUM DECISION AND ORDER - 1**

## BACKGROUND

Plaintiff Derrick White filed a complaint on December 9, 2019, against his former employer, Oxarc, Inc., seeking damages due to the alleged deprivation of rights secured by the Family Medical Leave Act, ("FMLA"), the Americans with Disabilities Act, as amended in 2008 ("ADA-AA"), and the Idaho Human Rights Act ("IHRA"). The Complaint asserts three causes of action against OXARC: (1) FMLA interference; (2) FMLA retaliation; and (3) disability discrimination in violation of the ADA-AA and the IHRA.

The parties filed cross motions for summary judgment, which were denied by District Judge Nancy Freudenthal on July 6, 2021, in an Order on Cross Summary Judgment Motions (Dkt. 36).

This matter was later reassigned upon the consent of all parties to proceed before a United States Magistrate Judge. (Dkt. 39.) A six day jury trial is set to commence on September 28, 2021.

## LEGAL STANDARDS

"A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area." *Hana Fin., Inc. v. Hana Bank*, 735 F.3d 1158, 1162 n. 4 (9th Cir. 2013) (*quoting United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009)). There is no express authority for motions in limine in either the Federal Rules of Civil Procedure or the Federal Rules of Evidence. Nevertheless, these motions are well recognized in practice and by case law. *See, e.g., Ohler v. United States*, 529 U.S. 753,

758 (2000). The key function of a motion in limine is to "exclude prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 (1984).

Generally, motions in limine excluding broad categories of evidence are disfavored—as such issues are more fairly dealt with during trial as the admissibility of evidence arises. *Sperberg v. Goodyear Tire & Rubber, Co.*, 519 F.2d 708, 712 (6th Cir. 1975). Additionally, it is sometimes necessary to defer ruling until trial when a better estimate of the impact of the evidence on the jury can be made by the trial judge. *Crawford v. City of Bakersfield*, No. 1:14-cv-01735-SAB, 2016 WL 5870209, at *2 (E.D. Cal. Oct. 6, 2016).

Denial of a motion in limine does not mean that all evidence contemplated by the motion will be admitted at trial. Instead, denial of such a motion simply means the Court is unable to determine whether the evidence should be excluded outside of the trial context. At trial, the parties may object to the offering of evidence even though such evidence was the subject of the Court's denial of a motion in limine. Where a motion in limine is granted, however, the parties are precluded from arguing, discussing, or offering the particular evidence that the Court has ordered be excluded unless the Court rules otherwise during the course of the trial.

## DISCUSSION

To the extent Defendant requests general in limine orders relating to matters covered by the Rules of Evidence, the requests are not proper motions in limine. No particular testimony or evidence has been identified in certain of the general requests that Defendant seeks to exclude. For that reason, the motion is denied as to the general in

**MEMORANDUM DECISION AND ORDER - 3**

limine requests in motion #'s 7 and 9. At trial, the Court will rule on the admissibility of evidence as it is presented based on the governing rules and applicable law. The parties are directed to adhere to the requirements for offering and admitting evidence, which they have both indicated they intend to do in their briefing on the motions. (Dkt. 43, 45.)

1.    **Nondisclosed, Non-Retained Experts**

Defendant seeks an order precluding Plaintiff from calling his treating physicians, specifically Dr. Samuel Jorgenson, at trial, because Plaintiff did not disclose expert witnesses as required by Fed. R. Civ. P. 26 and the Court's Pretrial Order (Dkt. 14). The Court required designation of medical providers as expert witnesses if they may or will be called to testify in part or in full as an expert witness.

Plaintiff responds that he intends to call two of his treating providers, Drs. Matthew May and Samuel Jorgenson, to testify about their factual knowledge of this case, specifically Plaintiff's back injury and its impact upon him. Plaintiff represents he timely disclosed both physicians as persons with knowledge, and that he does not intend to elicit testimony that could be considered expert opinion evidence. Plaintiff's medical records related to his injury, including those maintained by these two witnesses, were provided to Defendant during discovery.

Rule 26(a)(2)(A) requires a party to "disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A). Rule 26(a)(2)(B) states that an expert disclosure must be accompanied by an expert report "if the witness is one retained or specially employed to provide expert testimony in the case." Fed. R. Civ. P. 26(a)(2)(B).

"[T]reating physicians are not required to present written reports under Rule 26(a)(2)(B) so long as the opinions the witness intends to testify to 'were formed during the course of treatment.'" *Penny v. State Farm Mut. Auto. Insur. Co.*, 2020 WL 5743037, at * 1 (W.D. Wash. Sept. 25, 2020) (quoting *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 826 (9th Cir. 2011)). To the extent an expert intends "to render expert testimony beyond the scope of the treatment rendered," however, the expert must provide a written expert report. *See id*.

Although treating physicians need not provide an expert report in order to testify, if a party intends to offer expert opinions from a treating physician, the party must still disclose: "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C).

A lay witness may testify in the form of an opinion if it is "rationally based on the witness's perception"; "helpful to clearly understanding the witness's testimony or determining a fact in issue"; and "not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." *See* Fed. R. Evid. 701. Additionally, expert testimony is not required where special expertise is not necessary to enable a jury to make a causal inference. *Claar v. Burlington N. R.R Co.*, 29 F.3d 499, 504 (9th Cir. 1994).

Defendant's motion will be **DENIED in PART and GRANTED in PART**. The two treating providers, Drs. May and Jorgenson will be permitted to testify, but their testimony will be limited to the information they received while treating Plaintiff as

reflected in their medical records produced during discovery. Fed. R. Civ. P. 26(a)(2)(B). They will not be allowed to offer expert opinions, because Plaintiff failed to comply with the Court's pretrial order and Fed. R. Civ. P. 26(a)(2)(C). The Court will rule on any objections to the admissibility of the witnesses' testimony at the time they are made during trial.

## 2.    Insurance

Defendant seeks to preclude Plaintiff from mentioning or referencing evidence concerning Defendant's liability insurance coverage, citing to Fed. R. Evid. 411. The motion will be **GRANTED**.

Plaintiff's arguments concerning the relevance of his health insurance coverage are addressed in the context of Defendant's third in limine motion, below.

## 3.    Emotional Distress

Defendant seeks to exclude any reference to the availability or unavailability of health insurance coverage for Plaintiff's back surgery, including testimony concerning the status of Plaintiff's health insurance coverage post-termination, claiming such evidence is not relevant unless and until Plaintiff presents a prima facie case on his ADA-AA claim. Defendant argues that such evidence is irrelevant and prejudicial until Plaintiff can establish liability, citing Chief District Judge Nye's ruling in *Hathaway v. Idaho Pac. Corp.,* No. 4:15-CV-00086-DCN, 2019 WL 5386464, at *5 (D. Idaho Oct. 21, 2019). In that case, Judge Nye ruled that evidence of lack of health insurance was not relevant, and was unduly prejudicial, unless and until the plaintiff established the elements of a *prima facie* case under the ADA-AA.

Plaintiff opposes Defendant's motion. He contends that the context of the events that occurred on July 21, 2017, when he left work early because of severe leg pain and the stress of learning his health insurer was not authorizing a scheduled laminectomy, is relevant. Additionally, he argues the potential loss of health insurance coverage, and continuation of coverage under COBRA following termination of his employment on July 28, 2017, is a component of Plaintiff's emotional distress damages. And last, Plaintiff distinguishes *Hathaway*, contending the Court here determined at summary judgment that Plaintiff established a *prima facie* case under the ADA-AA.

Evidence must be relevant to be admissible. Fed. R. Evid. 402.[2] Even relevant evidence, though, may be inadmissible under other rules of evidence. Federal Rule of Evidence 403 is one such rule that may bar relevant evidence. Under Federal Rule of Evidence 403, the Court must weigh the competing interest of (1) the probative value of the evidence, and (2) whether prejudice, confusion, delay, or other dangers will result if it is introduced. "Applying Rule 403 to determine if evidence is prejudicial . . . requires a fact-intensive, context-specific inquiry." *Sprint/United Management Co. v. Mendelsohn*, 552 U.S. 379, 386 (2008). A Court has broad discretion in this inquiry. *See Ruvalcaba v. City of Los Angeles,* 64 F.3d 1323, 1328 (9th Cir. 1995).

In *Hathaway,* the Court issued an in limine ruling precluding the plaintiff during presentation of his *prima facie* case from presenting evidence of his lack of health

---

[2] "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.

**MEMORANDUM DECISION AND ORDER - 7**

insurance following termination of his employment. The Court found the evidence could be relevant, but only if the plaintiff made out his *prima facie* case on the ADA-AA claim,[3] or the defendant opened the door by challenging the plaintiff's duty to mitigate. Accordingly, the Court held that: "evidence of Hathaway's lack of health insurance and money following his termination is not unduly prejudicial. However, it is irrelevant unless and until Hathaway makes a showing outside the presence of the jury that either (1) he has presented a prima facie case on his ADA-AA claim, and/or (2) IPC introduces evidence that Hathaway failed to mitigate his damages." *Hathaway*, 2019 WL 5386464 at *5.

Here, Plaintiff intends to offer testimony concerning his health insurance coverage in two contexts. First, he argues that a phone call he received on July 21, 2017, informing him his surgery would not be covered by insurance, provides context concerning the day's events, because this news along with severe leg pain prompted his request to leave work early that day. The disputed events of July 21, 2017, are intertwined with the reasons Defendant gave for terminating Plaintiff's employment. Second, Plaintiff may testify that, following termination of his employment, the uncertainty surrounding continuation of his health insurance coverage, and his eligibility for and ability to afford COBRA continuation coverage, caused significant distress, which is a component of his

---

[3] Hence Plaintiff makes the argument here attempting to distinguish *Hathaway* on the grounds that the Court already found Plaintiff established his *prima facie* case on the ADA-AA claim at summary judgment. However, the Court did not hold that Plaintiff had established a *prima facie* case under the ADA-AA. The Court found there were material facts in dispute concerning whether Plaintiff had a disability at the time Defendant disciplined Plaintiff and terminated his employment, and concerning the issue of causation and pretext, therefore precluding summary judgment on the ADA-AA claim.

damages. Def.'s Mem at 19. (Dkt. 43-1.) Although Plaintiff was unemployed for a period of time,[4] his back surgery was ultimately covered by insurance. *Id.* Defendant can, therefore, elicit testimony on cross-examination concerning Plaintiff's continuation of health insurance coverage under COBRA, his surgery, and his later re-employment.

Unlike *Hathaway*, where the plaintiff's lack of health insurance was being offered to preempt the defendant's mitigation of damages defense, here the evidence is relevant to Plaintiff's request to leave work early on July 21, 2017, and as a component of damages.  Accordingly, the Court disagrees that the evidence would be irrelevant and therefore unduly prejudicial such that the evidence should be excluded unless and until Plaintiff first makes a *prima facie* showing under the ADA-AA outside the presence of the jury.

The motion will be **GRANTED in PART, and DENIED in PART**. Plaintiff may testify concerning the telephone call he received from his health insurer on July 21, 2017, and concerning his decision to continue his health insurance coverage pursuant to COBRA, as well as the financial impact of the same. However, Plaintiff may not testify about his concerns over the potential loss of his health insurance coverage before his employment was terminated. During the hearing, Plaintiff did not object to refraining from mentioning any concern regarding the potential loss of health insurance coverage or the continuation of coverage under COBRA during voir dire and in his opening

---

[4] Plaintiff testified during his deposition that he was unemployed for four months following surgery. Defendant counters that it intends to introduce evidence that, following surgery, Plaintiff was unemployed for seven weeks, and received unemployment benefits during that period. *Id.* Regardless, Plaintiff was not unemployed and without insurance for the same length of time as was Hathaway.

**MEMORANDUM DECISION AND ORDER - 9**

statement. Therefore, this motion is granted to this limited extent, to avoid confusion of the jury.

### 4.      Punitive Damages

Defendant seeks to preclude any testimony or evidence of punitive damages pursuant to Count II, the FMLA retaliation claim, and Count III, the claim under the ADA-AA and IHRA. (Dkt. 43-1.) Defendant contends that, even though punitive damages were requested in the prayer for relief, punitive damages are not available under the FMLA, and Plaintiff did not move to amend his complaint pursuant to Idaho Code § 6-1604(2) so as to recover them under the ADA-AA/IHRA. Relatedly, Defendant seeks to preclude evidence of its assets, revenues, or income from which a punitive damages award could be satisfied.

In response, Plaintiff argues that his claim does not arise under state law, and that federal law (specifically 42 U.S.C. § 1981a) permits a complaining party to recover punitive damages with his ADA-AA claim if he demonstrates that the defendant engaged in a discriminatory practice or practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual.

"It is well-settled that the FMLA, by its terms, 'only provides for compensatory damages and not punitive damages.'" *Farrell v. Tri-Cty. Metro. Transp. Dist. of Oregon*, 530 F.3d 1023, 1025 (9th Cir. 2008) (citing *Liu v. Amway Corp.*, 347 F.3d 1125, 1133 n. 6 (9th Cir. 2003), in turn citing 29 U.S.C. § 2617(a)). The FMLA specifically lists the types of damages an employer may be liable for, and "it includes damages only insofar as they are the actual monetary losses of the employee such as salary and benefits and

**MEMORANDUM DECISION AND ORDER - 10**

certain liquidated damages." *Farrell*, 530 F.3d at 1025 (quoting *Brumbalough v. Camelot Care Ctrs., Inc*., 427 F.3d 996, 1007 (6th Cir. 2005)).

As for Plaintiff's ADA-AA claim, punitive damages are recoverable if the requisite showing is made. While Idaho Code § 6-1604(2) and its procedural requirements govern the availability of punitive damages on Plaintiff's claim under the IHRC,[5] 42 U.S.C. § 1981a applies to the ADA-AA. It provides that a plaintiff in an ADA-AA intentional discrimination suit may recover punitive damages if he demonstrates that his employer engaged in a discriminatory practice "with malice or with reckless indifference to [the plaintiff's] federally protected rights." 42 U.S.C. § 1981a(b)(1). *See* 42 U.S.C. § 1981a. According to the United States Supreme Court, the terms "malice" or "reckless indifference" in § 1981a pertain to the employer's knowledge that it may be acting in violation of federal law. *Kirbyson v. Tesoro Ref. & Mktg. Co.*, 795 F. Supp. 2d 930, 947 (N.D. Cal. 2011) (citing *Kolstad v. ADA*, 527 U.S. 526, 535 (1999)).

According to the above authorities, the motion will be **GRANTED in PART and DENIED in PART**. Punitive damages as a component of Plaintiff's damages under the ADA-AA will be included in jury instructions and the verdict form, provided sufficient proof is introduced at trial to support the same under 42 U.S.C. § 1981a(b)(1). The Court will rule on whether Plaintiff has met this burden before any evidence of Defendant's net

---

[5] Plaintiff may not claim punitive damages under Idaho Code § 6-1604(2) because he failed to move for leave to do so. Idaho Code § 6-1604(2) (allowing a claim for punitive damages with leave of the court upon a showing that the moving party has established "a reasonable likelihood of proving facts at trial sufficient to support an award of punitive damages.").

worth may be introduced. Accordingly, a ruling on this aspect of Defendant's motion in limine is reserved for the time of trial. There is to be no mention in voir dire, opening statements, or presentation of evidence of Defendant's net worth before the Court rules, outside the presence of the jury, on whether Plaintiff has met his burden of proof regarding punitive damages under the ADA-AA.

5. **Back Pay/Front Pay**

Defendant seeks a ruling that the Court, not the jury, will determine back pay damages under the ADA-AA and the FMLA. Defendant seeks also to exclude evidence regarding front pay, on the grounds Plaintiff is not seeking a front pay award.

The FMLA provides for compensatory damages equal to the amount of wages, salary and employment benefits denied by the violation. 29 U.S.C. § 2617(a)(1)(A)(i). It is the jury's task to determine the amount of compensatory damages under the FMLA. *Farrell v. Tri–County Metro. Transp. Dist.*, 530 F.3d 1023, 1025 (9th Cir. 2008).

Under the ADA-AA, both back pay and front pay are equitable damages that may be awarded by the Court. *Hilliard v. Twin Falls County Sheriff's Off.*, No. 1:18-CV-00550-CWD, 2021 WL 1950015, at *4 (D. Idaho May 14, 2021) (citing 42 U.S.C. § 12117(a)).

Conversely, under the IHRA, recovery of "lost wages," including back pay and front pay, are legal remedies awarded by the trier of fact as an element of actual damages. *See Smith v. Glenns Ferry Hwy. Dist.*, 462 P.3d 1147, 1157 (Idaho 2020) (interpreting Idaho's Whistleblower act to allow for recovery of front pay, analogous to the IHRA).

The jury therefore determines whether to award back pay or front pay damages, and determines the amount, under the IHRA. *Hilliard*, 2021 WL 1950015, at *4

In cases such as this, where there are legal claims to be tried by a jury and equitable claims to be tried by the Court, the jury is often empaneled as an advisory jury on the issue of equitable damages; or, alternatively, the parties may consent to have the jury decide the issue of equitable damages. *See Carlson v. City of Spokane*, No. 13-CV0320-TOR, 2015 WL 11112412, at *3 (E.D. Wash. Jan. 28, 2015); Fed. R. Civ. P. 39(c).

At the hearing, Plaintiff represented he is not seeking front pay damages, and the parties agreed to an advisory jury on back pay damages. In his trial brief, Plaintiff confirmed he is not seeking front pay damages; he consents to forego his right to have a jury determine back pay; and he agrees to have the Court determine his back pay damages with an advisory jury. (Dkt. 58 at 20; Dkt. 60.) Defendant's motion in limine seeking to exclude evidence of front pay damages is therefore **GRANTED**.

## 6.    Motivating Factor

Defendant argues that Plaintiff should be precluded from arguing or eliciting testimony that the causation standard applicable to Plaintiff's ADA-AA claim is anything other than the "but for" standard. Plaintiff does not oppose Defendant's request, and concurs that the "motivating factor" standard is inapplicable.

The Court has already set forth the applicable causation standard. (Dkt. 36 at 21.) The Court explained that, under the ADA-AA, Plaintiff must show a "causal connection between the termination of his employment and his disability," and that "but-for

**MEMORANDUM DECISION AND ORDER - 13**

causation requires proof that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer." *Id.*

Accordingly, the motion will be **GRANTED**. The parties will be asked to submit appropriate jury instructions in accordance with the correct legal standard. Neither party shall use the "motivating factor" standard.

### 7.      Duplicative Lay Witness Testimony

Citing Fed. R. Evid. 403, Defendant seeks an in limine order excluding needlessly cumulative evidence that Plaintiff may introduce by way of the testimony of lay witnesses, which include Plaintiff's significant other and his children. Defendant has not identified testimony or evidence that it seeks to exclude.

The motion will be **DENIED**. At trial, the Court will rule on the admissibility of evidence as it is presented based on the governing rules and applicable law.

### 8.      Excluding Witnesses

Citing Fed. R. Evid. 615, Defendant requests an order excluding from trial all witnesses, other than party representatives, until after the time each witness's testimony has been presented. Plaintiff does not oppose the motion so long as the a ruling applies to both parties.

The motion will therefore be **GRANTED**, and the Court's order will extend to both parties.

### 9.      Remarks by Non-Decisionmakers

Citing Fed. R. Evid. 403 and 401, Defendant seeks an in limine order precluding Plaintiff from: (1) introducing evidence of stray remarks made by non-supervisors; and

(2) statements or conduct by persons not involved in the termination decision. Defendant argues that comments made by anyone other than decisionmakers cannot be imputed to the ultimate decisionmaker to satisfy Plaintiff's burden on his *prima facie* case. Plaintiff objects to Defendant's motion, because: (1) Defendant has not identified any specific stray remarks or conduct that should be precluded; and (2) Defendant has not identified the relevant decisionmakers.

Generally, direct evidence may include the action or remarks of an employer that reflect a discriminatory attitude. *Beshears v. Asbill*, 930 F.2d 1348, 1354 (8th Cir.1991). Comments which demonstrate a "discriminatory animus in the decisional process, or those uttered by individuals closely involved in employment decisions ..." may also constitute direct evidence. *Beshears*, 930 F.2d at 1354 (quoting *Price Waterhouse*, 490 U.S. 228, 277 (1989)). Direct evidence does not include stray remarks, statements by non-decisionmakers or statements by decisionmakers that are not related to the decision-making process. *Id*.

Without any specifics or understanding of the evidence Plaintiff (or for that matter, Defendant) may introduce, the Court cannot make a ruling at this time. The Court will address objections to evidence regarding remarks made by non-supervisors as they arise at trial. The motion will therefore be **DENIED**, with rulings on specific evidence reserved for trial.

## 10.   Golden Rule Evidence

In this motion in limine, Defendant seeks to prevent Plaintiff from attempting to persuade jurors to put themselves in Plaintiff's place, or from making "Golden Rule"

arguments. Plaintiff does not oppose the motion so long as the Court's ruling applies to both parties.

The "Golden rule" argument is uniformly prohibited where it is used to inflame the jury and encourage an increased damage award. *Spray–Rite Service Corp. v. Monsanto Co.*, 684 F.2d 1226, 1242, (7th Cir. 1982). Typically, in such situations, the plaintiff's attorney will ask the jury members to place themselves "in the shoes of the plaintiff" by asking them to question themselves as to how much they would wish to be paid to endure the damages the plaintiff has suffered. Such argument "is universally recognized as improper because it encourages the jury to depart from neutrality and to decide the case on the basis of personal interest and bias rather than on the evidence." *Lopez v. Langer*, 761 P.2d 1225, 1230–31 (Idaho 1988).

The motion will be **GRANTED,** and the Court's order will be applicable to both parties.

## 11.   Evidence or Testimony Regarding Settlement

Citing Fed. R. Evid. 408, Defendant seeks an in limine ruling precluding the mention or allusion to any settlement discussions or negotiations between the parties. Plaintiff does not oppose such a ruling so long as the motion is granted as applicable to both parties.

The motion will be **GRANTED,** and the Court's order will apply to both parties.

## 12.   Evidence or Testimony Regarding Attorney Fees

Citing Fed. R. Evid. 401, Defendant seeks an in limine ruling precluding evidence or statements that Plaintiff must pay attorney fees or other expenses out of any recovery

in this case, or in the event of a defense verdict at trial. Plaintiff does not oppose the motion provided the Court's ruling is applicable to both parties.

The motion will be **GRANTED** and the Court's order will apply to both parties.

**13.    Exclusion of Daughters' Testimony**

Defendant seeks to exclude Plaintiff's two daughters, Ms. Danika White and Ms. Darian White, from testifying at trial, because Plaintiff failed to disclose them as persons with knowledge until August 27, 2021, in his supplemental discovery responses. Defendant argues there is no justification for the late disclosure considering Plaintiff's daughters and their potential knowledge were likely well known to him prior to August 27, 2021. Defendant also seeks to preclude testimony from the daughters regarding "observed damages," as such testimony would be outside the scope of permissible testimony under Fed. R. Evid. 701, and any testimony they may provide would be duplicative. (*See* No. 7, above).

Plaintiff identifies both his partner, Ms. Amy Myers,[6] and his two daughters as having knowledge regarding the damages he suffered and "other facts" relevant to Plaintiff's claim. Plaintiff acknowledges that he did not timely disclose his two daughters, but claims they were known to Defendant considering Plaintiff testified during his deposition about the impact of his termination of employment on his relationship with his children. Further, Plaintiff explained that, due to the potential impacts of COVID, he

---

[6] Ms. Myers was timely disclosed. Defendant confirmed at the hearing that it does not move to exclude Ms. Myers from testifying at trial.

disclosed his daughters as alternate witnesses in the event Ms. Myers is unable to testify at trial due to illness.[7]

It is within the Court's discretion to exclude previously undisclosed witnesses from testifying at trial. Fed. R. Civ. P. 26(a)(1)(A)(i) requires a party to disclose: "the name and, if known, the address and telephone number of each individual likely to have discoverable information ... that the disclosing party may use to support its claims or defenses." If a party fails to provide information or identify a witness as required by the rules, the party is not allowed to use that information or witness to supply evidence at trial, unless the failure was substantially justified or is harmless. Fed. R. Civ. P. 37(c)(1). *Miesen v. Hawley Troxell Ennis & Hawley LLP*, No. 1:10-CV-00404-DCN, 2021 WL 1124758, at *1 (D. Idaho Mar. 24, 2021), reconsideration denied, No. 1:10-CV-00404-DCN, 2021 WL 3112356 (D. Idaho July 22, 2021).[8]

Plaintiff failed to make the required disclosure of his two daughters as persons with knowledge under Rule 26(a)(1)(A)(i) by the Court's January 15, 2021 discovery

---

[7] Ms. Myers is a schoolteacher.

[8] In *Depew v. ShopKo Stores, Inc.*, No. CIV. 03-0539-S-BL W, 2006 WL 47357, at *1 (D. Idaho Jan. 6, 2006), the Court applied the following decision matrix for resolving whether a witness designation is timely:

> (1) Was the person identified in the Rule 26(f) initial disclosures? (2) If not, was the person identified in a supplemental disclosure pursuant to Rule 26(e)? (3) If not, has the person and his connection to the claims or defenses of the proffering party "otherwise been made known to the other parties during the discovery process or in writing" thereby excusing the failure to supplement under Rule 26(e)? (4) If not, has the proffering party shown that its failure was substantially justified to avoid Rule 37 sanctions? (5) If not, has the proffering party shown that its failure was harmless to avoid Rule 37 sanctions?

deadline. (Dkt. 14.) Plaintiff's late disclosure of these two individuals in his response to Defendant's request for supplementation does not cure this non-compliance. *Hill v. U.S. Dep't of Homeland Sec*., 570 F. App'x 667, 669 (9th Cir. 2014) (citing *Henry v. Gill Indus., Inc*., 983 F.2d 943, 947 (9th Cir. 1993)). *Depew v. ShopKo Stores, Inc*., No. CIV. 03-0539-S-BLW, 2006 WL 47357, at *3 (D. Idaho Jan. 6, 2006) ("The prejudice resulting from an "eve-of-trial" supplemental disclosure (after the close of discovery) is the same as if no disclosure whatsoever was made prior to trial."). Defendant has been deprived of the opportunity to depose the witnesses, and to serve additional discovery requests to determine if the witnesses have potentially relevant information. Should the Court exclude the witnesses, Plaintiff is not deprived of presenting his claims, as he and Ms. Myers will be able to testify at trial regarding Plaintiff's damages, including the impact of the termination of his employment on the relationship with his children. His testimony concerning his damages will likely be the same as his daughters' testimony.

The motion will be **CONDITIONALLY GRANTED.** The Court may consider a request to allow one or both daughters to testify if the need to do so becomes necessary and their testimony is not duplicative. However, Plaintiff must first provide detailed information to Defendant prior to trial concerning the specifics of their anticipated testimony---either in a supplemental discovery response or by means of an affidavit or declaration provided to Defendant.[9]

## CONCLUSION

---

[9] Any document provided to Defendant needs not be filed on the docket, but it should be lodged with the Court prior to trial.

This order is intended to assist the parties in their preparation for trial, and to the extent possible, to give the parties guidance in structuring their cases and presentations for the upcoming trial. The final ruling on the admissibility of any particular testimony or piece of evidence will, however, be made at trial once the Court has had the opportunity to view it in the context in which it is offered and the applicable rules of evidence.

During trial, the parties are directed to advise the Court in advance of any time-consuming evidentiary issues they anticipate arising so that the Court can address the same outside the presence of the jury. The parties shall do so by notifying the Court's Staff Attorney regarding such issues well in advance of the evidence being offered.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

Defendant's Motion in Limine (Dkt. 43) is **GRANTED IN PART AND DENIED IN PART**, as follows:

1. Non-disclosed Expert Witnesses – **GRANTED in PART and DENIED in PART**. The parties may raise objections at trial directed to opinions that fail to comply with Fed. R. Civ. P. 26's disclosure and supplemental disclosure requirements.

2. Insurance/Financial Status – **GRANTED**.

3. Emotional distress damages – **GRANTED in PART and DENIED in PART**. Plaintiff is prohibited from mentioning any concern regarding the potential loss of health insurance coverage or the continuation of coverage under COBRA during voir dire and in his opening statement.

**MEMORANDUM DECISION AND ORDER - 20**

4. Punitive damages – **GRANTED in PART and DENIED in PART**. The issue regarding punitive damages under the ADA-AA will be presented to the jury provided sufficient evidence is introduced at trial to support such an instruction and award under applicable law. The parties must not mention or present evidence of Defendant's net worth until such time as the Court rules on this issue.

5. Front pay damages – **GRANTED**. The Court will determine back pay with an advisory jury.

6. "Motivating factor" standard under the ADA-AA – **GRANTED**.

7. Duplicative lay witness testimony – **DENIED.** The parties may raise objections at trial to specific testimony or evidence.

8. Exclusion of trial witnesses – **GRANTED**. The ruling applies to all non-party representative witnesses.

9. Stray remarks – **DENIED**. The parties may raise objections at trial to specific testimony or evidence.

10. "Golden Rule" evidence – **GRANTED**. The ruling applies to both parties.

11. Settlement negotiations – **GRANTED**. The ruling applies to both parties.

12. Attorney's fees - **GRANTED**. The ruling applies to both parties.

Defendant's Motion in Limine #13 (Dkt. 47) concerning witnesses not timely disclosed – **CONDITIONALLY GRANTED**.

DATED: September 16, 2021

Candy W. Dale
U.S. Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 21**